UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

H.C. STARCK, INC. :
:
v. : C.A. No. 10-139ML
:
NATIONAL CHAIN COMPANY :
d/b/a APOGEE PRECISION PARTS :

# REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B); Local Rule Cv 72(a)) is Plaintiff's Motion to Dismiss Counts I and II of Defendant's Counterclaim. (Document No. 19). Defendant opposes the Motion. (Document No. 22). A hearing was held on September 13, 2011.

**Background**

Plaintiff sues Defendant for breach of contract, unjust enrichment and account stated, in the amount of $133,097.40, plus interest and costs. (Document No. 1). Plaintiff asserts that Defendant purchased a raw material (niobium sheet metal) from it in 2008 and did not pay. Id. Defendant admits that it did not pay and asserts that the niobium sheet metal provided to it by Plaintiff was "defective." (Document No. 14).

Defendant subsequently counterclaimed alleging that Plaintiff tortiously interfered with Defendant's contractual and/or advantageous business relationship with its former customer, Element Six, and also engaged in unfair and deceptive acts prohibited by Mass. Gen. Laws ch. 93, § 2. (Document No. 14). In particular, Defendant alleges that Plaintiff knew that it needed the niobium sheet metal to produce a product for Element Six and that Plaintiff's supply of defective

niobium to it harmed its business relationship with Element Six. Id. Defendant also alleges that, at or about the same time, Plaintiff solicited and later agreed to supply Element Six with product similar to that previously supplied to it by Defendant. Id. Defendant does not allege that Plaintiff began with a plan to supply it with defective product in order to steal Defendant's customer. Rather, Defendant clarified at the hearing that its Counterclaims allege that Plaintiff unfairly took advantage of its knowledge of Defendant's difficulties in supplying Element Six to take the business from Defendant.

**Discussion**

**A.     Sufficiency of Pleading**

Plaintiff contends that Defendant's Counterclaims are "fraud-like" and that Defendant has failed to plead such claims with sufficient particularity as required by Fed. R. Civ. P. 9(b). Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." However, it also provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id.

First, Defendant does not allege fraud or use the word fraud in its Counterclaims. The "textbook elements" of a fraud claim are:

> (1) the defendant has made a false representation of or failed to disclose a material fact; (2) the defendant has knowledge of or a belief in the falsity of the statement by the person making it; (3) a belief in the truth of the false statement or the completeness of the representations by the person to whom the representation is made; (4) an intent on the part of the defendant that the statement or the failure to disclose should be acted upon by the plaintiff; and (5) the detrimental reliance upon the false representation or the fullness of the disclosure by the person claiming to have been deceived.

5A Charles Alan Wright & Arthur P. Miller, Federal Practice and Procedure § 1297 at pp. 60-70 (3rd ed. 2004).  Here, Defendant does not allege fraud.  Defendant alleges that Plaintiff unfairly took advantage of its knowledge of Plaintiff's difficulties with a customer to interfere with that customer relationship.  Thus, Rule 9(b) is inapplicable.  See Indiaweekly.com v. Nehaflix.com, 596 F. Supp. 2d 497, 505-506 (D. Conn. 2009) (holding that tortious interference claim is not subject to Rule 9(b)); and Merrill Lynch, Pierce, Fenner & Smith, P.C. v. Greystone Servicing Corp., C.A. No. 3:06-CV-0575-P, 2007 WL 2729935 (N.D. Tex. Sept. 18, 2007) (same).[1]  See also N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 14 (1st Cir. 2009) ("arguably Rule 9(b) does not apply [to a tortious interference claim] except so far as fraud is specifically alleged as an ingredient of the claim").

However, even if it is assumed that Rule 9(b) applies, Defendant has plead sufficient detail as to its Counterclaims to survive this Motion to Dismiss.  Although Defendant makes three allegations against Plaintiff "on information and belief," they are all directed at facts peculiarly within Plaintiff's knowledge.  In particular, Defendant alleges, "on information and belief" that Plaintiff "knew" that Defendant intended to use the niobium to produce product for Element Six, that Plaintiff "undertook efforts" to solicit the Element Six account away from Defendant, and that Plaintiff has since agreed to supply similar product to Element Six.  (Document No. 14 at ¶¶ 7, 14 and 17).  However, Rule 9(b) specifically allows for general allegations as to averments regarding state of mind issues such as malice, intent and knowledge, which are peculiarly within an opponent's knowledge.  See Con-Way Cen. Express, Inc. v. Fujisawa USA, Inc., No. 91-C-4335, 1992 WL

---

[1] Similarly, in Lawson v. Affirmative Equities, Co., L.P., 341 F. Sup. 2d 51, 67 (D. Mass. 2004), the District Court held that an unfair trade practice claim under chapter 93A, Mass. Gen. Laws, is not subject to Rule 9(b)'s heightened pleading standard.

168553 at *6 (N.D. Ill. July 9, 1992) (requiring a party to plead matters with particularity which are peculiarly within an adverse party's knowledge would post an "impermissible burden" under Rule 9(b)). Further, the entirety of Defendant's factual allegations related to the Counterclaims are simple and straightforward, and contain more than enough detail to place Plaintiff on notice as to Defendant's theory and to state legally viable claims. The issue of whether such Counterclaims are factually viable is not presently before the Court in the context of this Rule 9 and 12 attack based solely on the sufficiency of the pleading. Since Defendant's Counterclaims are sufficiently plead, Plaintiff's challenge brought under Rules 9(b) and 12(b)(6) must fail.

### B. Limitation of Liability

Plaintiff's second argument is that the Limitation of Liability clause contained in the invoices precludes the recovery sought on the Counterclaims as a matter of law. The sales invoices in dispute are accompanied by a page entitled "Conditions of Sale" which provides, in part, that:

> 6. LIMITATION OF LIABILITY
> 6.1 NOTWITHSTANDING ANY PROVISION IN THIS AGREEMENT OR ELSEWHERE TO THE CONTRARY:
> A) SELLER'S MAXIMUM LIABILITY HEREUNDER AT ANY TIME FOR ANY CAUSE WHATSOEVER SHALL NOT EXCEED THE PRICE PAID FOR THE PRODUCT(S) AT ISSUE; AND B) SELLER SHALL NOT BE LIABLE FOR ANY PUNITIVE, SPECIAL, INCIDENTAL, INDIRECT OR CONSEQUENTIAL LOSS OR DAMAGE OF ANY KIND OR NATURE, ARISING AT ANY TIME, FROM A CAUSE WHATSOEVER, INCLUDING LOSS OF REVENUE OR PROFIT.
> 6.2 These limitations of liability shall apply notwithstanding any finding that any remedy fails its essential purpose.

However, at the hearing, Plaintiff's counsel conceded that, if Defendant's Counterclaims were allowed to proceed, the issue of the enforceability of the limitation clause would be "sidelined for

the moment" until Defendant's Counterclaims were factually tested. Thus, I recommend that Plaintiff's argument as to the enforceability and application of the limitation of liability clause be deferred without prejudice to a later stage of the proceeding.

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Motion to Dismiss Counts I and II of Defendant's Counterclaim (Document No. 19) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 14, 2011